UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Christopher Brodeur

   v.                                                     Civil No. 17-cv-445-PB

State of Massachusetts; Governor
Charlie Baker (and his staff); Senator
Jeanne Shaheen (and her staff); Cara Wry;
Mass. RMV; and Police Officers FNU Moffa
and John Does 1 & 2

**REPORT AND RECOMMENDATION**

    Pro se plaintiff, Christopher Brodeur, has filed a motion for emergency injunctive relief (Doc. No. 35), which has been referred to the magistrate judge for a Report and Recommendation.  See March 5, 2018 Order.  The motion (Doc. No. 35) seeks an order enjoining Brodeur's pending state prosecutions, arising out of encounters with police officers in New Hampshire on September 27 and 30, 2017.  Plaintiff alleges that his federal rights, including the right to a speedy trial, are jeopardized in the pending state prosecutions.  Plaintiff further alleges that the state court judge has ordered an examination of Brodeur to ascertain if he is competent, which will likely result in further delays of the disposition of his

criminal cases.[1]  Brodeur asserts that he is represented by court-appointed counsel in those proceedings.

A prerequisite to obtaining a preliminary injunction is a demonstration of a likelihood of success on the merits.  See Glossip v. Gross, 135 S. Ct. 2726, 2736 (2015).  The claims underlying Brodeur's motion for emergency relief fall within the scope of the Younger abstention doctrine, see Younger v. Harris, 401 U.S. 37 (1971), and are subject to dismissal on that basis.  Brodeur has not demonstrated an inability to raise his federal claims in the state prosecutions, and no exception to Younger abstention appears applicable here.  See id. at 53-54.  Furthermore, the claims underlying the motion for emergency

---

[1] Brodeur's status as a pro se, in forma pauperis litigant in this case, and his assertion that the state court judge has inquired into his competency, together may raise a question whether this court should issue an order, sua sponte, under Fed. R. Civ. P. 17(c)(2).  No such order is necessary or appropriate here, however, as, for reasons stated in this Report and Recommendation ("R&R") and in the Oct. 26, 2017 R&R (Doc. No. 14), Brodeur has failed to state a claim upon which relief can be granted.  See Grimes v. S.N.H. Univ., No. 17-cv-266-SM, 2017 WL 4277134, at *1 & n.1, 2017 U.S. Dist. LEXIS 157801, at *1 & n.1 (D.N.H. Aug. 31, 2017) (court may dismiss claims under 28 U.S.C. § 1915(e)(2) asserted in federal case filed by plaintiff in state court competency proceedings), R&R approved by 2017 WL 4271261, 2017 U.S. Dist. LEXIS 156042 (D.N.H. Sept. 25, 2017); see also Hartmann v. Carroll, 582 F. App'x 111, 113 (3d Cir. 2014) ("A trial court contemplating appointment of a representative or counsel in a civil case must first find 'that the plaintiff's claim has arguable merit in fact and law.'" (citations omitted) (emphasis in original)).

relief post-date all of the events at issue in the complaint, and would not be properly added to this case at this juncture. As plaintiff has not demonstrated a likelihood of success on the merits of any claim in this case, see Oct. 26, 2017 R&R (Doc. No. 14) (recommending dismissal of action), the motion for emergency relief (Doc. No. 35) should be denied.

## Conclusion

For the foregoing reasons, the district judge should deny the motion for emergency relief (Doc. No. 35). Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice. See Fed. R. Civ. P. 72(b)(2). The fourteen day period may be extended upon motion. Failure to file objections within the specified time waives the right to appeal the district court's order. See Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016).

*[signature]*
Andrea K. Johnstone
United States Magistrate Judge

March 7, 2018

cc:   Christopher Brodeur, pro se